IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BYRON C. SYLVESTER,           *
                              *
        Plaintiff,            *
                              *
        v.                    *        CV 121-012
                              *
UNITED STATES OF AMERICA,     *
                              *
        Defendant.            *

---

**O R D E R**

---

Before the Court is Defendant United States of America's motion for summary judgment. (Doc. 26.)  For the reasons that follow, Defendant's motion is **GRANTED**.

## I. BACKGROUND

This is a tax case.  Plaintiff Byron C. Sylvester is a 100% disabled Army veteran who was discharged from the Army in 2006. (Doc. 26, at 2; Doc. 31, at 1.)  In essence, Plaintiff asserts that as a result of his 2011 Veteran's Administration ("VA") 100% disability rating, his Department of Defense ("DOD") pension should have been excluded from his taxable income in 2016 and 2017, and that the Court should now allow him to recover his alleged 'overpayments' as tax refunds from those years.  (Doc. 10, at 6.) The Government asserts the DOD pension *is* taxable, so no refund is due.  (Doc. 26, at 1.)  The facts are detailed below.

Plaintiff was discharged from the Army in 2006. (Doc. 26, at 2; Doc. 31, at 1.) In 2011, the VA declared him 100% disabled. (Doc. 26, at 4.) Then, in 2012 and 2018, Plaintiff received "Summary of Benefits" letters from the VA "describing the benefits he was currently receiving as well as other benefits he was entitled to claim as the result of a total and permanent service-related disability he suffered on April 27, 2011." (Doc. 26, at 2; Doc. 31, at 1.) These Summary of Benefits letters describe Plaintiff's "VA Benefit Information" and do not explicitly purport to describe any DOD benefits; each letter states it "is considered an official record of [Plaintiff's] VA entitlement." (Docs. 26-6, 26-9 (emphasis added).) The letters also state Plaintiff is "considered to be totally and permanently disabled due to [his] service-connected disabilities." (Docs. 26-6, 26-9.)

Between receiving his Summary of Benefits letters, Plaintiff received DOD[1] pension payments of $36,909 and $37,069 in 2016 and 2017, respectively, which were subject to respective federal income tax withholdings of $3,775 and $2,722. (Doc. 26, at 2; Doc. 31, at 1.) On his Form 1040 individual income tax returns for those years, he reported the DOD pension benefits as taxable while his VA benefits were non-taxable; however, he later filed

---

[1] Defendant notes that Plaintiff's pension income was actually "paid by The Defense Finance and Accounting Service [("DFAS")], which oversees payments to [DOD] servicemembers, employees, vendors, and contractors." (Doc. 26, at 2 n.1.) Like the Parties, the Court will simply refer to both DFAS and DOD as "DOD."

amended returns seeking a refund of the income tax withholdings on his DOD pension benefits because - as he claims - they are not taxable income. (Doc. 26, at 3; Doc. 31, at 2.) In 2019, the IRS denied the refunds, so he brought this suit. (Doc. 1.) Defendant now seeks summary judgment on the basis that Plaintiff's DOD pension benefits are taxable; Plaintiff opposes the motion on the basis that the benefits are non-taxable. The Court's analysis is below.

## II. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation omitted) (internal quotation marks omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry

3

this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case, or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. Fitzpatrick, 2 F.3d at 1116. If the movant presents evidence affirmatively negating a material fact, the non-movant "must

4

respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Id. at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk gave the Parties appropriate notice of the motion for summary judgment and informed them of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 28.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

## III. DISCUSSION

Defendant's argument can be divided into two parts. First, it argues Plaintiff bears the burden of proof to show his taxes were erroneously assessed or collected. (Doc. 26, at 3-4.) Second, it argues Plaintiff fails to show that the statute he claims makes his benefits non-taxable income applies to his DOD pension benefits. (Id. at 4-7.) The Court agrees with Defendant on both points and addresses these arguments in turn.

### A. Burden of Proof

First, Defendant argues Plaintiff bears the burden of proof to establish that his DOD pension benefits are non-taxable. (Id. at 3-4.) Plaintiff does not rebut this argument, so the argument is deemed unopposed. (Doc. 31, at 2-5); State Farm Mut. Auto. Ins. Co. v. Marshall, 175 F. Supp. 3d 1377, 1385 (S.D. Ga. 2016) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. . . . When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (quoting Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)). Even if Plaintiff disagrees, the Eleventh Circuit Court of Appeals has held that "the burden and the presumption . . . combine to require the taxpayer always to prove by a preponderance of the evidence that the Commissioner's determination was erroneous." McKenny v. United States, 973 F.3d 1291, 1296 (11th

Cir. 2020) (quoting <u>Carson v. United States</u>, 560 F.2d 693, 695-96 (5th Cir. 1977)). "In a tax refund action filed in district court, like the one here, the taxpayer also has the burden of proving the amount he is entitled to recover." <u>Id.</u>   Plaintiff therefore carries the burden to show his entitlement to the refund here.

**B. Whether Plaintiff's DOD Pension Benefits are Taxable Income**

Second, Defendant argues Plaintiff cannot carry his burden because his DOD pension benefits – unlike his VA disability benefits – are not excludable from his taxable income under 26 U.S.C. § 104(a)(4). (Doc. 26, at 4-7.)   Defendant argues this is true because (1) Plaintiff's Form 1099-R from the DOD confirmed that his pension benefits were taxable in the year they were received; (2) Plaintiff's DOD pension benefits do not fit within the definition of a "pension, annuity, or similar allowance *for personal injuries or sickness resulting from active service*"; and (3) Plaintiff cannot produce a retroactive determination from the VA that recharacterizes his DOD pension benefits as non-taxable. (<u>Id.</u>)   In response, Plaintiff argues his DOD pension benefits are service-related and therefore should be included under the definition of 26 U.S.C. § 104(a)(4). (Doc. 31, at 4.)   He also claims the DOD pension benefits are excludable based on guidance from IRS Publication 525.   (<u>Id.</u>)   He admits that "the entire dispute between the Parties appears to hinge on whether [Plaintiff's] March 2, 2012 determination from the VA satisfies

the requirements per Publication 525," and argues he is "entitled to exclude all of his service-related pensions from taxation for the 2016 and 2017 tax periods." (Id. at 3, 5.)

1. Statutory Backdrop

26 U.S.C. § 104(a)(4) provides that taxable gross income does not include "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country."   26 U.S.C. § 104(a)(4).   Similarly, IRS Publication 525 states that "[i]f you're retired on disability," "[c]ertain military and government disability pensions aren't taxable."   IRS Pub. 525, 2021 WL 9144911, at *37, *43 (Jan. 13, 2022).   It states that "[y]ou may be able to exclude from income amounts you receive as a pension, annuity, or similar allowance for personal injury or sickness resulting from active service." Id. at *43.   Publication 525 goes on to outline 26 U.S.C. § 104(a)(4).   Id.   Of note, however, it states that "[i]f your retirement pay is based on age or length of service, it's taxable and must be included in your income as a pension on lines 5a and 5b of Form 1040 or 1040-SR." Id. at *37. Further, "[i]f you receive a disability pension based on years of service, in most cases, you must include it in your income." Id. at 44.   "However, if the pension qualifies for the exclusion for a service-connected disability (discussed earlier), don't include in income the part of your pension that you would have received if

8

the pension had been based on a percentage of disability. You must include the rest of your pension in your income." Id.

One final section of IRS Publication 525 helps explain the issue at hand in this case. Under the heading "Retroactive VA determination," the IRS Publication states:

> If you retire from the U.S. Armed Forces based on years of service and are later given a retroactive service-connected disability rating by the VA, your retirement pay for the retroactive period is excluded from income up to the amount of VA disability benefits you would have been entitled to receive. You can claim a refund of any tax paid on the excludable amount (subject to the statute of limitations) by filing an amended return on Form 1040-X for each previous year during the retroactive period. You must include with each Form 1040-X a copy of the official VA determination letter granting the retroactive benefit. The letter must show the amount withheld and the effective date of the benefit.

Id. In essence, the IRS Publication and 26 U.S.C. 104(a)(4) provide that disability payments – that is, "amounts received as a pension, annuity, or similar allowance *for personal injuries or sickness resulting from active service*" – are excludable from taxable income. Further, those provisions provide that if a pensioner, after receiving his pension, receives a disability rating from the VA, he is entitled to recover a refund of any tax paid on that pension income "up to the amount of VA disability benefits [he] would have been entitled to receive" had his VA

9

disability rating been in effect during that retroactive period. Id. As Defendant points out, however, the sections do not generally permit retirement pensions to be excluded from taxable income – only those sums "for personal injuries or sickness resulting from active service." 26 U.S.C. 104(a)(4).

## 2. Plaintiff's Claims

Here, Plaintiff has not provided evidence that his DOD pension stems from a personal injury or sickness resulting from active service. While Plaintiff is correct that his DOD pension is presumably "service-related," it does not necessarily follow that the payments result from any "personal injuries or sickness" that occurred due to that service. (Doc. 31, at 5.) Defendant correctly points out that based on the facts in the record, no jury could determine "the pension payments [Plaintiff] received in 2016 and 2017 were . . . paid on account of his service-connected disability." (Doc. 33, at 1.) As discussed above, Plaintiff carries the burden to show his pension benefits were excludable and thus, that he is due a refund. His failure to produce any such evidence dooms his claim.

Further, without a retroactive determination from the VA stating that his DOD pension benefits are retroactively excluded, there is no evidence his VA disability determination was not considered by the DOD in the calculation of his DOD pension benefits. It appears that because Plaintiff was categorized as

100% disabled *before* his DOD pension benefits were paid, the DOD would have already had notice of his disability and VA benefits at the time they calculated his pension.   See Appeals Settlement Guidelines: Military Disability Retirement Benefits, I.R.S. (Dec. 19, 2012), https://www.irs.gov/pub/irs-utl/ASG-Military-Benefits.pdf.   Plaintiff's assertions regarding retroactivity appear to misinterpret the statute.   (See Doc. 31, at 4-5.)   The post-hoc exclusion of certain pension benefits from a disabled veteran's taxable income appears to have been designed to allow the veteran to reduce his taxable income in years he *would* have been entitled to veteran's disability benefits from the VA, but did not receive those benefits in fact.   This is true because had the veteran received his disability rating before receiving a pension, the VA would have paid excludable disability payments while the DOD would have reduced the amount of the pension dollar-for-dollar.   See 26 U.S.C. 104(a)(4).   Essentially, the statute provides a tax refund to veterans who received taxable pensions when they would have received tax-free disability payments instead, had they received their VA disability rating before receiving their pension.   Here, Plaintiff does not allege he failed to receive disability payments from the VA, nor could he - the evidence shows he *was* receiving those benefits.   (See Docs. 26-6, 26-9.)   There is no reason to believe the DOD failed to consider any such benefits or his disabled VA designation when calculating

11

his DOD pension.   Plaintiff therefore both fails to carry his evidentiary burden and fails to show why the taxability of his DOD pension should have been excluded from his taxable income, so Defendant's motion must be **GRANTED**.


## IV. CONCLUSION

Based on all the above, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (Doc. 26) is **GRANTED.**   The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant, **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this _8th_ day of _August,_ 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

12